Richard J. Cardamone, J.
The plaintiff has brought an action for a declaratory judgment declaring an ordinance of the Village of Herkimer, which was passed on September 9, 1968, regulating commercial and business activities on Memorial and Independence Days, unconstitutional and has moved for summary judgment in the action.
The ordinance provides (pursuant to provision of section 86 of the General Municipal Law) in section 5-501 that it shall be unlawful in the Village of Herkimer, New York, for any person, firm or corporation to sell or offer for sale any article or property on Memorial or Independence Days from 9:00 a.m. to 6:00 p.m. except certain exempted items such as tobacco, milk and eggs, ice cream, etc. Other subdivisions of the local ordinance provide that a violation of any of the provisions of it shall constitute disorderly conduct and a penalty of $100 for each offense is fixed.
The plaintiff is a domestic corporation operating a large scale retail business consisting of over 18 separate departments selling or offering for sale a large variety of items, the majority of which are not included within the exception of the ordinance. In only four of the departments of the plaintiff are the majority of the items sold of the type excepted. Those are tobacco, confectionery, drugs and medicines, and food for on-premises consumption.
The plaintiff contends that the ordinance in effect prohibits business and commercial activities by suspending them for nine hours during Independence and Memorial Days, and violates the New York State Constitution by exceeding the powers conferred upon the municipality by section 90 of the Village Law and section 86 of the General Municipal Law.
Plaintiff further argues that lawful business and commercial activity is a right guaranteed by the “ due process ” clause of the New York State Constitution and that the ordinance violates the same by discriminating against the plaintiff and others who deal largely in items excepted by the ordinance. In addition to the other relief heretofore asked, the plaintiff also asks that the defendant Mayor of the village, Trustees of the village, Chief of Police, and their successors and all officers thereof be restrained and enjoined from arresting anyone for any conduct in violation of the ordinance.
The defendant village in response, by affidavit of its attorney, states that the ordinance regulates the nature and hours of commercial and business activities in response to a petition requesting the Board of Trustees of the village to enact the same following public hearings and a general village election on *415 March 21, 1968. The proposition put before the voters was: “ Shall the Board of Trustees of the Village of Herkimer adopt an Ordinance regulating the nature of commercial and business activity that may be conducted on Memorial Day and Independence Day and the hours within which the various times of commercial and business activities may be conducted on Memorial Day and Independence Day”. The vote was 1223 in favor as opposed to 675 against. The defendant further states that the plaintiff is not prohibited from opening its store from 6:00 p.m. until 10:0Q p.m. on either of the days in question. Similarly, it may open its store to offer for sale those items which are excepted from the provisions of the ordinance.
The plaintiff previously instituted an action to permanently enjoin the defendants from enforcing this ordinance as it applied to them. This motion for an injunction was denied by this court (Peterson, J.) by decision dated June 25, 1969. Ooncededly, the State may regulate in this area, but the plaintiff contends it may not prohibit commercial activity without violating constitutional safeguards. Plaintiff contends that, in effect, under the guise of reasonable regulation this statute actually prohibits.
Section 86 of the General Municipal Law grants municipalities (including defendant Village of Herkimer) power to adopt an ordinance ‘ * regulating the nature of commercial and business activities that may be conducted on Memorial day and Independence day and the hours within which [they] may be conducted
Pursuant to that authority the defendant village by local ordinance (eh. V, §§ 501-504) dated September 9, 1968 declared it unlawful (§ 5-501) for any person, firm or corporation to sell or offer for sale any articles of property on Memorial Day or Independence Day 'during the hours of 9í00 ¡a.m:. and 6:00 p.m. except for certain enumerated items set forth in subdivisions A and B.
The power granted to defendant. municipality to regulate was not a power to prohibit. Since municipalities exist as creatures of the State they may exercise only those specific powers conferred upon them. The power to 11 prohibit ’ ’ being widely different from the power to “regulate”, such would have to be provided in clear, unambiguous language.
This local ordinance carries with its enactment a strong presumption of validity. Due process demands, however, that it be reasonably related and applied to the regulation of business and commercial activity and the hours thereof in the Village of Herkimer. If it is merely an attempt to “prohibit” under *416 the guise of “regulation” it would violate plaintiff’s constitutional safeguard that it not he deprived of its property without due process of the law.
Plaintiff has raised as an issue the effect on its profitability of this curtailment of business hours. Once the ordinary and regular 9:00 a.m. to 5:00 p.m. or 6:00 p.m. business hours are removed, the remaining portion of the day within which business may be conducted may well work a hardship and make those remaining hours economically unprofitable. Nevertheless, that is not one of the criteria by which the validity of this statute is judged.
The hours between 9:00 a.m. and 6:00 p.m. on these two national holidays are the hours when the Nation pauses to remember and the graves of deceased Americans who served their country are decorated with flags and flowers. Appropriate ceremonies and formal observances marking the occasion of American independence are held during these same hours. All other concerns and interests are put aside as we pay our respects. Thus, local ordinance (ch. V, §§ 501-504) is a reasonable regulation of commercial activities in the Village of Herkimer, New York.
The plaintiff’s motion for summary judgment is denied. For the reasons heretofore stated the plaintiff’s request for declaratory judgment is also denied and its complaint dismissed.